## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1100 | **DATE** | 4/8/2008 |
| **CASE TITLE** | USA vs. Gilberto Fernandez-Reyes (#92799-098) | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Gilberto Fernandez-Reyes' motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence [1] is hereby dismissed. All pending dates and motions are hereby stricken as moot. Civil case terminated.

■[ For further details see text below.]    Docketing to mail notices.

### STATEMENT

     This matter is before the court on Gilberto Fernandez Reyes' ("Reyes") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). Pursuant to Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Courts, once a Section 2255 motion is filed, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. . . ." Rule 4(b) of Rules Governing Section 2255 Cases. Section 2255 provides in part the following:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. On September 26, 2007, in case number 07 CR 399, Reyes pled guilty to being an alien who had been previously deported and removed from the United States, who illegally reentered the United States in violation of 8 U.S.C. § 1326(a) and 6 U.S.C. § 202(4). On November 29, 2007, Reyes was sentenced to sixty-four months of imprisonment. In the instant Section 2255 Motion, Reyes seeks to have his

**STATEMENT**

plea and sentence vacated.

Reyes argues in the instant Section 2255 Motion that he received ineffective assistance of counsel and that he was denied his right to appeal. Reyes indicates only that his attorney advised him not to pursue an appeal and that his appeal "would be a waste of . . . time." (Mot. 5). However, such allegations, even if true do not present facts to support a valid Section 2255 Motion. Reyes' counsel provided Reyes with legal advice concerning the merits of an appeal and Reyes has not shown his counsel's judgment to be outside the scope of reasonable professional judgment. Reyes also acknowledges that he was advised of his ability to appeal and discussed the matter with his counsel. Reyes was also notified by this court at his sentencing that he had a right to file an appeal. Reyes does not include any allegations in his Section 2255 Motion that indicate that he was prevented from filing an appeal. Therefore, based on the above, we dismiss the Section 2255 Motion.